UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY DEWAYNE PARKER** | **CIVIL ACTION NO. 2:09-cv-2148** |
| **FED. REG. # 13620-076** | |
| **VS.** | **SECTION P** |
| | **JUDGE MINALDI** |
| **WARDEN, FCI-OAKDALE** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony Dewayne Parker filed what has been construed to be a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 9, 2009. Parker is an inmate in the custody of the Federal Bureau of Prisons. When he filed this suit he was incarcerated at the Federal Correctional Institute, Oakdale, Louisiana (FCI-O). He is now incarcerated at the Medical Center for Federal Prisoners, Springfield, Missouri.

Petitioner apparently attacks his 2001 convictions for being a felon in possession of a firearm and the concurrent sentences of 327 months that were imposed by the United States District Court for the Western District of Tennessee. *See United States of America v. Anthony D. Parker*, No. 2:00-cr-20115.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** and that all pending motions be **DENIED.**

*Background*

On January 4, 2001, petitioner was convicted of being a felon in possession of a firearm. On March 30, 2001, petitioner was sentenced to serve 327 months in a federal penitentiary and he was given five years of supervised release following confinement. In 2002, his convictions were affirmed on appeal to the Sixth Circuit Court of Appeals. *See United States v. Parker*, 49 Fed. Appx 558 (6th Cir. 2002).

On September 3, 2003 petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in the Western District of Tennessee in the matter entitled "Parker v. United States" and bearing docket number 2:03-cv-2677 of that court. That motion was denied and dismissed without prejudice on April 28, 2004, because it did not comply with various procedural rules.[1] Petitioner was invited to re-file in accordance with those rules but did not.[2] Petitioner did not appeal the 2004 judgment of dismissal.

---

[1] The Tennessee District Court characterized the pleadings as follows:

> Parker has now filed a voluminous set of documents as a motion under §2255. . . .
>
> . . . The motion, however, does not comply with Rules 2(a) and (b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. . . .
>
> Furthermore, the vast majority of these pleadings consist of convoluted and disjointed argument interspersed with citations and quotations of rules, definitions, and statutes, principles of grammar, as well as terms of commercial and corporate law that have no applicability to defendant's underlying criminal convictions or this motion to vacate. Parker raises four issues on the §2255 form in proper format. However, his additional nonconforming documents raise additional issues requiring the Court to parse through over one hundred fifty pages of nonconforming documents. . . .
>
> Parker has filed numerous documents in previous cases in this Court. Sanctions were imposed upon his filing privileges in *Parker v. Herenton*, No. 01-2587-D/V (W.D. Tenn. Oct. 25, 2001). Due to Parker's history of filing repetitive and frivolous documents, the Court orders that Parker must file his motion under §2255 on the form available from the Court . . . .

*Parker v. United States*, No. 2:03-cv-2677 (W.D. Tenn.) at Doc. #13, pp. 2-4.

[2] In 2007, six separate items were docketed to that case number but all were stricken by the same court in footnote 7 to Document 11 in 2:04-cv-2408, *Parker v. United States*, (W.D. Tenn.). This 2004 case is discussed in the following paragraph.

On May 20, 2004, petitioner filed a second motion to vacate in the District Court and this matter was also entitled "Parker v. United States" and given the docket number set forth above, 2:04-cv-2408. . The motion was adjudicated on the merits and dismissed with prejudice on August 31, 2007. *See Parker v. United States*, No. 2:04-cv-2408 (W.D. Tenn.) at Docs. 11-12. Petitioner's requests for a Certificate of Appealability (COA) were also denied by both the District Court and the Sixth Circuit Court of Appeals. *Id*., at Docs. 24-26.

On December 9, 2009 petitioner commenced the instant litigation by filing 42 pages of hand-written pleadings with exhibits entitled, "Notice of Anthony Dewayne Parker© Bill and Fiat for an Application for Discharge of Indigent Prisoner." As were his previous pleadings in the Western District of Tennessee, the "Notice" consisted of "convoluted and disjointed argument interspersed with citations and quotations of rules, definitions, and statutes, principles of grammar, as well as terms of commercial and corporate law that have no applicability to defendant's underlying criminal convictions . . . ." *Parker v. United States*, No. 2:03-cv-2677 (W.D. Tenn.) at Doc. #13, pp. 2-4, fn. 1 above. Petitioner concluded his "Notice" by requesting a "discharge of indigent prisoner." *Id.*

Based upon his request for "discharge" it was assumed that petitioner sought *habeas corpus* relief. Since his pleadings were not filed on the form provided to prisoners for such filings, he was directed to amend his pleadings accordingly. On January 4, 2010 he requested a *habeas corpus* form [Doc. #3] and thereafter was provided a §2241 petition form and an application to proceed *in forma pauperis.*

On January 13, 2010 petitioner submitted an Application for Federal Writ of *Habeas Corpus* under 28 U.S.C. §2241. He named Attorney General Eric Holder as the respondent and

3

indicated that the basis for his petition was a conviction, fine and costs, and "criminal contempt debt." Doc. #4, ¶2(a) and (h). He described the specifics of his claim as follows: "Ground One – Bill and Fiat for an Application for Discharge of Indigent Prisoner." *Id.*, ¶7. In support of the claim he alleged,

> On October 17, 2000 and March 30, 2001, Assistant United States Attorney Joseph C. Murphy, Jr. of the Western District Court for the Western Division of Tennessee at Memphis, made an oral contract petition before Judge Gibbons and Judge McCulla, stating that I am not able to pay the court fine. Murphy then incarcerated Anthony Dewayne Parker© as the secured party or lender or creditor as the debtor Anthony Dewayne Parker© see Notice of Anthony Dewayne Parker© Bill and Fiat for an Application for Discharge of Indigent Prisoner, with Example A through H.

*Id..*

On August 2, 2010 petitioner filed a Motion asking the Court to direct service of process on the respondent Attorney General. Doc. #11.

### *Law and Analysis*

**1.** **Venue**

As noted above, when petitioner filed this suit, he was incarcerated at the FCI-O. He was subsequently transferred and is now incarcerated the Medical Center for Federal Prisoners in Springfield, Missouri. All the same, jurisdiction and venue attach at the time of filing. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that "jurisdictional facts must be judged as of the time the complaint is filed"); *see also McClure v. Hopper*, 577 F.2d 938 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for *habeas corpus* relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change."); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ( "It is well established that jurisdiction attaches on the initial filing for *habeas corpus* relief . . . .").

Since FCI-O is located within this District and Division, this Court has jurisdiction over petitioner's *habeas* petition and venue is appropriate here.

*2. Respondent*

Petitioner has named United States Attorney General Eric Holder as respondent. However, the proper respondent in a suit for *habeas corpus* pursuant to 28 U.S.C. §2241 is the person who exercises custody over the petitioner, in this instance, the Warden at FCI-O. *See generally Rumsfeld v. Padilla*, 542 U.S. 426,(2004).

The Clerk should amend the Docket Sheet accordingly.

*3. Savings Clause*

Petitioner apparently seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *see also Toliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) ("Section § 2255 is the primary means of collaterally attacking a federal sentence. . . . Section § 2241 is used to attack the manner in which a sentence is executed.") (citations omitted).

While petitioner's pleadings are disjointed, it is clear that he is complaining about circumstances that occurred prior to or at the time of sentencing. In fact, he specifically complains of the actions of the United State Attorney on October 17, 2000, and March 30, 2001. It thus appears that he seeks to collaterally attack his detention arguing sentencing error. Since

5

petitioner is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a §2255 Motion to Vacate.

This is not to say, though, that a Federal prisoner may never use § 2241 to challenge the legality of his convictions or sentences. Federal poisoners may use § 2241 in the limited circumstance that they satisfy § 2255's "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 900-901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 would be inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver*, 211 F.3d at 878.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the statute's "savings clause." Therefore, the instant

petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003) (dismissing a § 2241 petition for lack of jurisdiction because the petitioner was not entitled to use the savings clause of § 2255).

Petitioner has also moved for service of process. In light of the foregoing, however, he is not entitled to that relief.

*Order and Recommendation*

Accordingly,

Petitioner's Motion to Serve [Doc. #11] is **DENIED;** and,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 23rd day of August, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE